UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KAREN TATUM JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:19-cv-3315-SNLJ |
| | ) |
| CARIANNE LARISSA NOGA, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Karen Tatum Jones for leave to proceed in this action without prepaying fees or costs. Upon consideration of the motion and the financial information provided therein, the Court concludes that plaintiff is unable to pay the filing fee. The motion will therefore be granted. Additionally, for the reasons discussed below, the Court will give plaintiff the opportunity to file an amended complaint.

### Legal Standard

This Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial

1

experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray,* 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff filed the complaint pursuant to 42 U.S.C. § 1983 against Police Officers Carianne Larissa Noga, Ryan Jackson and Robert O'Keeley; the Metropolitan St. Louis Police Department; Police Commissioner John W. Hayden; and unknown "white collar" lieutenants. Plaintiff sues Noga, Jackson and Hayden in their individual capacities. She does not indicate the capacity in which she sues O'Keeley.

Plaintiff claims she was subjected to "police misconduct, corruption, intimidation, false arrest, police brutality, unreasonable seizure and multiple unnecessary violations of my constitutional rights & broken amendments." She alleges this occurred on December 27, 2018 in the parking lot of the "St. Louis City Juvenile" building, and Central Patrol on North Jefferson.

In support of her claims, plaintiff either offers conclusory statements, or describes conduct that does not invade a federally-protected right. For example, she alleges that Noga and Jackson "abused their powers displayed police misconduct & police brutality against me;" "[t]he officers employed with SLMPD engaged in violating my rights as a citizen on 12-27-2018 by violating 1st, 8th, 14th, 5th, & 9th amendments which led up to physical therapy because of physical abuse & assaults pain & suffering & ER visits as well as ongoing physical therapy so I may recover;" and O'Kelley gave "misinformation" or "personal information" when he should have called. Included in the complaint is a document that contains numerous statements such as "Motion for police corruption unwarranted seizures and removal of a trespass charge wrongfully submitted against plaintiff," and "[t]he (SLMPD) St. Louis City Metropolitan Police Dept and employees employed as police officers" displayed police brutality, displayed negligent behaviors, caused harm,  refused to obey a judge's order, displayed excessive force, engaged in giving out personal information, and engaged in obstruction of justice.

As relief, plaintiff wants the officers to acknowledge wrongdoing, and she wants a trespass charge removed from her record.

**Discussion**

The complaint is subject to dismissal. Throughout the complaint, plaintiff sets forth the type of "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements" that the Supreme Court has found deficient, *Iqbal*, 556 U.S. at 678, and that this Court is not required to presume true. *See Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) ("Courts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level"). Plaintiff is required to allege facts showing what each individual defendant

3

did to violate plaintiff's rights. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights").

The Metropolitan Police Department is a department of the City of St. Louis, and not itself an entity that can be sued under § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of city government are "not juridical entities suable as such"). Plaintiff also fails to allege sufficient facts to state a claim of municipal liability, or to permit the identity of the unknown "white collar" lieutenants to be ascertained following reasonable discovery. Finally, to the extent plaintiff seeks a judgment that would necessarily imply the invalidity of any conviction, she must demonstrate that such conviction was reversed, expunged, or called into question by issuance of a writ of habeas corpus before bringing such a claim in federal court. *See Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994).

In consideration of plaintiff's *pro se* status, the Court will give her the opportunity to file an amended complaint. Plaintiff is advised that the amended complaint will replace the original. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on the Court's civil rights complaint form, which will be provided to her. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.").

In the "Caption" section of the complaint form, plaintiff should write the name of the person she intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must avoid naming anyone as a defendant unless that person is directly related

to her claim. Plaintiff must also specify the capacity in which she intends to sue each defendant. If plaintiff chooses to name a fictitious party, she must allege enough facts to allow that party to be identified after reasonable discovery. *See Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985).

In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support her claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state her claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If plaintiff names a single defendant, she may set forth as many claims as she has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff names more than one defendant, she should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

It is important that plaintiff allege facts explaining how each defendant was personally involved in and directly responsible for harming her. *See Madewell*, 909 F.2d at 1208. Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Plaintiff has also filed a motion to appoint counsel. (ECF No. 3). The motion will be denied, without prejudice. In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013); *see also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). A district court may appoint counsel if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). A court considers relevant factors such as the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting testimony, and the ability of the self-represented litigant to present her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After considering these factors, the Court finds that the appointment of counsel is unwarranted. Plaintiff has yet to file a complaint that survives initial review, so it cannot be said that she has presented non-frivolous claims. Additionally, this case appears to involve straightforward factual and legal issues, and there is currently no indication that plaintiff cannot investigate the facts and present her claims to the Court. The Court will therefore deny the motion at this time, without prejudice, and will entertain future motions for appointment of counsel, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail to plaintiff a copy of the Court's civil rights complaint form.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this Memorandum and Order, plaintiff shall submit an amended complaint on the Court-provided form in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 3) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

Dated this _23rd_ day of April, 2020.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE