**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| KAREN TATUM JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:19-cv-3315-SNLJ |
| | ) |
| CARIANNE LARISSA NOGA, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This closed civil matter is before the Court upon plaintiff Karen Tatum Jones's post-judgment motion, titled "Motion for Time to Respond to Late Mail for Cases." (ECF No. 7/filed January 4, 2021). For the reasons discussed below, the Court will deny the motion.

**Background**

Plaintiff initiated this case on December 20, 2019, and filed a motion for leave to proceed *in forma pauperis*. The Court granted the motion and reviewed the complaint pursuant to 28 U.S.C. § 1915(e)(2), and determined it was subject to dismissal. On April 23, 2020, the Court entered an order directing plaintiff to file an amended complaint to cure the defects. In the order, the Court clearly explained why the complaint was subject to dismissal, gave plaintiff clear instructions about how to prepare the amended complaint, and cautioned her that her failure to timely comply with the order would result in the dismissal of her case without further notice.

Plaintiff's response was due to the Court on May 26, 2020, but she neither responded to the Court's order nor sought additional time to do so. The Court waited an additional period of time, and dismissed this action on June 26, 2020 pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Plaintiff filed the instant motion on January 4, 2021. In the caption of the

motion, plaintiff identifies the case number of the instant case, as well as the case number of a civil action in which she is not a party. She alleges as follows.

Plaintiff called a clerk's office to request information about "cases." She does not identify the clerk's office she called or when she called, nor does she describe requesting or giving information about the instant case. Plaintiff had "not been feeling well and pandemic made it wors[e]," and she "did not go get mail from box and someone" retrieved it for her. At an unspecified time, plaintiff went to retrieve her mail, and was "given a whole bin" that she is "still sorting thr[ough]." Plaintiff has been to "many courts" and has been told there is no jurisdiction over her claims. She protests that her cases are not moot, malicious, or meritless.

Plaintiff avers that if she needs to "redo" she will "work on it," but needs an unspecified amount of "extra time" due to depression, back pain, and hand pain. Plaintiff does not reference a particular order of this Court, nor does she allege that an external factor caused an order of this Court to be delivered late. She did not attach a proposed amended complaint to the motion.

**Discussion**

Plaintiff did not frame her motion under the Federal Rules of Civil Procedure. However, she can be understood to ask to be relieved of this Court's final judgment because she neglected to retrieve her mail and was therefore unaware she was required to file an amended complaint. Accordingly, the Court construes plaintiff's motion as brought pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure, which allows courts to relieve litigants from a final judgment for, *inter alia*, excusable neglect. Fed. R. Civ. P. 60(b)(1). In assessing whether a litigant's neglect is excusable, courts consider several factors, including: (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) whether the movant acted in good faith; and (4) the reason for the delay, including whether it

2

was within the reasonable control of the movant. *In re Guidant Corp. Implantable Defibrillators Products Liability Litigation*, 496 F.3d 863, 866-67 (8th Cir. 2007) (citing *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993)). "These four *Pioneer* factors do not carry equal weight; the reason for delay is a key factor in the analysis." *Id.* at 867.

The first *Pioneer* factor is irrelevant, as there is no non-moving party in this case. The next *Pioneer* factor does not weigh significantly against plaintiff, but does not weigh in her favor, either. While the length of the delay was not outrageously long, it was not insignificant, and the Court expended time and resources addressing plaintiff's complaint and engaging in a futile effort to give her the chance to file an amended complaint.

The third and fourth factors weigh against plaintiff. The Local Rules of this Court require all self-represented parties to promptly notify the Clerk of any change of mailing address. *See* E.D. Mo. L.R. 2.06(B). Here, plaintiff knowingly gave the Court a particular mailing address to which to send case-related papers, and then stopped retrieving her mail from that location. Nothing before the Court permits the conclusion that plaintiff made any effort to mitigate that situation, such as notifying the Court of a different mailing address or advising the Court that she had stopped retrieving her mail. That demonstrates a lack of regard for the rules imposed by this Court, not good faith. Finally, the reason for delay is attributable solely to plaintiff. Plaintiff chose to stop retrieving her mail from the address she provided without giving the Court an alternate address or notifying the Court. Accordingly, the Court concludes that plaintiff is not entitled to relief under Rule 60(b)(1).

Plaintiff offers nothing that can be construed as an assertion of entitlement to relief under any other provision of Rule 60, including Rule 60(b)(6), which allows courts to relieve parties

3

from a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "Rule 60(b)(6) allows for relief only in 'extraordinary circumstances.'" *Raymond v. United States*, 933 F.3d 988, 991 (8th Cir. 2019) (citations omitted). Here, there are no extraordinary circumstances warranting relief. Plaintiff was given a full and fair opportunity to prosecute her case and comply with the Court's order, and her failure to do so is solely attributable to her.

For the foregoing reasons, plaintiff's "Motion for Time to Respond to Late Mail for Cases," liberally construed as a motion for relief under Rule 60(b), is denied. To the extent plaintiff can be understood to seek relief under Rule 59(e) of the Federal Rules of Civil Procedure, the motion is denied because it was filed outside the time period specified therein, and because it fails to point to any manifest errors of law or fact, or any newly discovered evidence.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's "Motion for Time to Respond to Late Mail for Cases" (ECF No. 7) is **DENIED**.

**IT IS HEREBY CERTIFIED** that an appeal from this order would not be taken in good faith.

Dated this _7rq_ day of January, 2021.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

4